<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|                                    |   |                                      |
| ---------------------------------- | - | ------------------------------------ |
|                                    | : |                                      |
| **EMERGENCY PHYSICIANS OF**        | : |                                      |
| **ST. CLARE'S,**                   | : | **Civil Action No. 14-404 (ES)**     |
|                                    | : |                                      |
|     **Plaintiff,** | : |                                   |
|                                    | : |                                      |
| **v.**                             | : | **REPORT AND RECOMMENDATION**        |
|                                    | : |                                      |
| **UNITED HEALTH CARE, et al.,**    | : |                                      |
|                                    | : |                                      |
|     **Defendants.** | : |                                 |
|                                    | : |                                      |

---

I.      **INTRODUCTION**

This matter is presently before the Court on the motion of Plaintiff Emergency Physicians of St. Clare's ("Plaintiff") to remand the action to the Superior Court of New Jersey, Morris County.  Plaintiff contends that this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because its claims are not preempted under the Employee Retirement Income Security Act of 1974 ("ERISA").   The Honorable Esther Salas, United States District Judge, referred the motion to the Undersigned for Report and Recommendation.  The Court considered this motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, the Undersigned respectfully recommends that the District Court grant Plaintiff's motion and remand this case to the Superior Court.

## II. BACKGROUND

Plaintiff, a New Jersey limited liability company, provides emergency services at St. Clare's Hospital.  See Compl., ECF No. 1-1, at 2 ¶ 1.  Pursuant to its contractual agreements with patients, Plaintiff is "assigned certain rights including but not limited to the right to submit medical bills" to Defendant UnitedHealthcare Insurance Company ("United") and its subsidiary, Oxford Health Plans (NJ), Inc. ("Oxford") (collectively "Defendants").  Id. at 3 ¶ 9. [1]

Plaintiff does not have a services contract with Defendants and is, therefore, an out-of-network provider.  See id. at 5 ¶ 20.  However, Dr. Kwabena Owusu-Dapaah ("Dr. Dapaah"), who was a physician associated with Plaintiff,[2] did enter into a services agreement with Defendants for his separate private practice, which is not affiliated with St. Clare's.  Id. at 2-3 ¶¶ 3-6.  The gravamen of Plaintiff's Complaint is that Defendants improperly processed its claims using Dr. Dapaah's tax identification number instead of Plaintiff's tax identification number, which resulted in Plaintiff being compensated at lower, in-network reimbursement rates.  See id. at 4-5 ¶ 18.  Plaintiff brings the following causes of action against Defendants: (1) breach of contract; (2) implied contract; (3) improper reimbursement; (4) consumer fraud; (5) breach of

---

[1] Only United was named as a defendant in Plaintiff's state court complaint.  After this litigation was removed, Plaintiff sought leave to file an amended complaint to add Oxford as a defendant.  See ECF No. 6.  On March 6, 2014, Judge Salas granted Plaintiff's motion and Plaintiff filed its Amended Complaint on March 11, 2014.  See ECF Nos. 10, 12.  While removal was originally predicated on both federal question and diversity jurisdiction, the addition of Oxford destroyed complete diversity as both Plaintiff and Oxford are New Jersey entities.  See Amended Compl., ECF No. 12, at 4 ¶ 10.  Based upon the foregoing, United, in its opposition brief, withdrew its argument that the Court may exercise diversity jurisdiction over this matter.  See Def. Opp'n Br., ECF No. 8, at 1.  Accordingly, the sole issue before this Court is whether federal jurisdiction exists pursuant to 28 U.S.C. § 1331.

[2] Plaintiff first alleges that Dr. Dapaah was an "independent contractor" of Plaintiff.  Pltf's Brief, Feb. 18, 2014, ECF No. 6-5, at 2.  But Plaintiff then describes Dr. Dapaah as "an employee" of Plaintiff.  Id.  It is not necessary to reconcile this potential inconsistency in order to resolve the motion to remand.

fair dealing; (6) negligence; (7) unjust enrichment; and (8) violation of the New Jersey Claims Settlement Practices Act.  Id. at 6-11.

In its notice of removal, United asserted that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  Specifically, United asserts that Plaintiff seeks payments that have been assigned to Plaintiff by its patients, who are participants and beneficiaries of an ERISA plan.  See Notice of Removal, ECF No. 1 ¶ 15.  Additionally, United requests that the Court exercise supplemental jurisdiction over any claims that do not relate directly to the denial of ERISA benefits.  See id. ¶ 19.

In support of its motion to remand, Plaintiff argues that a number of judges in this District have held that a dispute over the amount of payment due to a provider, in contrast to a dispute over coverage and eligibility, does not constitute an ERISA claim, such that the court could exercise federal question jurisdiction.  See Pl. Br., ECF No. 6-5, at 5.  Plaintiff also asserts Defendants cannot both argue that Plaintiff has standing to sue under ERISA in support of removal, while at the same time arguing Plaintiff does not have standing to sue under ERISA in support of their motion to dismiss.  See id. at 14.

Defendants argue in opposition that removal is proper because ERISA's Section 502(a) completely preempts Plaintiff's claims.  See Defs. Opp'n Br., ECF No. 8, at 4.  Defendants posit that Plaintiff's case citations are generally inapplicable as the providers in those cases were in privity of contract with the insurer.  See id. at 8.[3]

---

[3] While Plaintiff dedicates five pages of its opening brief to addressing cases in this District in which multiple judges addressed strikingly similar motions to remand, Defendants' response to these cases is largely relegated to two short footnotes.

In reply, Plaintiff provides the Court with additional District of New Jersey opinions in which multiple judges have concluded that a dispute over the amount of payment due a provider is not preempted by ERISA.  See Pl. Reply Br., ECF No. 11.

### III.   ANALYSIS

As an initial matter, the Court notes that a decision to remand is dispositive.  In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.").  Accordingly, the Court makes the following report and recommendation to the assigned United States District Judge, the Honorable Esther Salas.

Under the federal removal statute, any civil action brought in state court over which the federal district courts have jurisdiction may be removed by the defendant to federal court.  28 U.S.C. § 1441(a).  As such, a state court defendant may remove any civil action founded on a claim or right that arises under federal law.  Id.  The Third Circuit has repeatedly held that the party asserting federal jurisdiction bears the burden of demonstrating that the case is properly before the federal court.  E.g., Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

Therefore, as the party asserting federal jurisdiction, Defendants have the burden of establishing that Plaintiff's claims are ERISA claims.  North Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc., No. 07-4812, 2008 WL 4371754, at *7 (D.N.J. Sept. 18, 2008).

Typically, the pleading determines whether a complaint raises a federal claim.  Therefore, under the "well-pleaded complaint" rule, "the plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim."  Pasack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 398 (3d

Cir. 2004); see also Franchise Tax Bd. of Cal. v. Contr. Laborers Vacation Trust for S. Ca., 463 U.S. 1, 10 (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law.").

The Supreme Court has identified a narrow class of cases where the well-pleaded complaint rule does not apply.  Under the doctrine of "complete preemption," a plaintiff's complaint may be removed to federal court, even when it does not state a federal claim on its face, if it raises claims in an area where federal law completely preempts state law.  Pasack, 388 F.3d at 399.  Where federal law occupies an entire field of regulatory interest, a plaintiff's claims that fall within that field of interest, no matter how they are stated in the complaint, must be recharacterized as stating a federal cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003) ("When a federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

Claims that fall within the scope of ERISA's section 502(a) are completely preempted and are, therefore, removable to federal court.  See Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004).  The Third Circuit has established a two-prong test to determine whether a claim is completely preempted under Section 502(a).  First, the removing defendant must demonstrate that the plaintiff could have brought the claim under Section 502(a).  Pascack Valley, 388 F.3d at 400.  Second, the defendant must show that "no other legal duty supports" plaintiff's claim.  Id.

 "Section 502(a) of ERISA allows 'a participant or beneficiary' to bring a civil action, *inter alia*, 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'  By its terms, standing under the statute is limited to participants and beneficiaries."  Id. (internal

citations omitted) (finding that a services provider lacked standing to sue under ERISA and, therefore, its state law claims were not completely preempted by ERISA).  See also MedWell, LLC v. CIGNA Healthcare of New Jersey, Civ. No. 13-3998 (FSH), 2013 WL 5533311, *2 (D.N.J. Oct. 7, 2013) ("Causes of action that purport to raise only state law claims, but which fall within the scope of the civil enforcement provisions of Section 502, are necessarily federal in character and removable to federal court by virtue of the clearly manifested intent of Congress.") (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58-66-67 (1987)).

Here, Plaintiff is a medical services provider, not the insured ERISA plan member (i.e., a "participant or beneficiary").  Instead, Plaintiff has brought suit based upon its patients' assignment of "certain rights including but not limited to the right to submit medical bills[.]" Compl., ECF No. 1-1, at 3 ¶ 9.

The Third Circuit has declined to address standing to sue under Section 502 by assignment.  Pascack, 388 F.3d at 400-01.  Nevertheless, courts within this jurisdiction have concluded that a provider may assert an ERISA claim when a beneficiary or participant assigns his or her rights to benefits to the provider.  See MHA, LLC v. UnitedHealth Grp., Inc., No. 13-6130, 2014 WL 223176, at *3 (D.N.J. Jan. 21, 2014) ("Plaintiff's state law claims are only completely preempted by ERISA, and thus removable to this court, if Defendants can show that Plaintiff could have brought its claims pursuant to ERISA § 502(a).").  "The resolution of this issue turns on the existence and the scope of any assignment to Plaintiff from [the participants or beneficiaries]."  MedWell, LLC, 2013 WL 5533311, at *4 n.4.  As Judge Falk observed in MHA, LLC v. UnitedHealth Group, Inc.:

> There is a strong difference of opinion in this district as to what
> constitutes a sufficient assignment of benefits.  Some courts hold
> that the language of the assignment must clearly convey an
> assignment of all benefits under the ERISA plan, not the "mere

> right to payment," in order to support standing.  Other courts . . .
> have held that the right to recover payment is enough to confer
> standing.

MHA, 2014 WL 223176, at *3 (internal citations omitted) (emphasis in original).

The Court need not take a position on this divergence of opinion.  Defendants have failed to provide the Court with the assignments at issue, the relevant language from these assignments, or some other evidence of the assignments' scope, such that the Court could determine whether Plaintiff is proceeding pursuant to an appropriate assignment of benefits.  In Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan, the Third Circuit held that remand is appropriate when a removing defendant fails to provide evidence of the assignments' "terms or parameters."  143 F. App'x 433, 435 (3d Cir. 2005) ("Moreover, even assuming such assignments do exist, we still have no way of knowing their terms or parameters."); see Demaria v. Horizon Healthcare Servs., Inc., No. 11-7298, 2012 WL 5472116, at *4 (D.N.J. Nov. 9, 2012) (dismissing providers' claims when the complaint contained only "ambiguous and conclusory" information about the assignments at issue).

In this case, Defendants have not provided the actual language of any assignment for the Court's review, but instead rely only upon the Complaint.  But the Complaint does not assist the Defendants' argument, because it asserts that Plaintiff has been "assigned certain rights including but not limited to the right to submit medical bills to defendants and their subsidiaries."  Compl., ECF No. 1-1, at 3 ¶ 9.  Additionally, the Court notes that at certain times in the Complaint, Plaintiff asserts that it has not been properly "reimbursed" by Defendants.  See id. at 8 ¶ 2; see also Amended Compl., ECF No. 12, at 10 ¶ 3.  Neither party, however, provides any context for or explanation of these assertions.

The present case is strikingly similar to Medwell.  See 2013 WL 5533311, at *1.  In that case, Medwell moved to remand, asserting that it lacked standing to sue under ERISA.  CIGNA opposed the motion, relying upon the allegations contained in Medwell's complaint.  Id. at *2.  CIGNA argued that Medwell's assertions that a patient "assigned [his] rights to the benefits and payments (if any) to [Medwell]" and "further assigned his rights and benefits for the payment of services (if any) to [Medwell]" was sufficient to demonstrate the District Court's subject matter jurisdiction.  Id.  Judge Hochberg noted that CIGNA, while relying upon these allegations to satisfy its burden of establishing the Court's jurisdiction, had denied the truth of these assertions in its answer, had raised the defense of lack of standing, and had "couched all descriptions of assignments to carefully[ ]avoid admitting that such an assignment actually exists[.]"  Id. at *3.  Her Honor recognized that "Plaintiff's assertion that there is a genuine issue as to lack of standing, if correct, would necessitate remand for lack of standing under ERISA."  Id. at *4.  Judge Hochberg also distinguished the allegations contained in Medwell's complaint from those in Sportscare of Am., P.C. v. Multiplan, Inc., No. 10-4414, 2011 WL 223724 (D.N.J. Jan. 24, 2011), report and recommendation adopted, 2011 WL 500195 (D.N.J. Feb. 10, 2011) and Premier Health Ctr., P.C. v. UnitedHealth Grp., No. 11-425, 2012 WL 1135608 (D.N.J. Apr. 4, 2012), in which those courts concluded that allegations in a complaint can be sufficient to establish the District Court's jurisdiction.  Id. at *3-4.[4]  Specifically, Judge Hochberg found that the plaintiffs in both Sportscare and Premier specifically represented there had been a direct assignment of benefits, while Medwell had offered only "vague" statements in its complaint that

---

[4] The Sportscare Court addressed the issue of subject matter jurisdiction in the context of a motion to remand while the Premier Court was deciding a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1).

it was entitled to reimbursement.[5]  Judge Hochberg concluded that these ambiguous allegations, coupled with the fact that CIGNA affirmatively disputed Medwell's standing, did not satisfy CIGNA's burden of demonstrating that removal was appropriate.  Id. at *4.

Here, the Court finds that the allegations contained in Plaintiff's Complaint are similarly ambiguous on the issue of the scope of any assignment.[6]  Additionally, the Defendants in this case, like the defendant in Medwell, have asserted that "Plaintiff has failed to allege facts sufficient to establish standing under ERISA" and "[t]he Complaint is silent . . . as to the specific language of the alleged 'assignment' or whether the assignments convey the authority to pursue the legal claims at issue."  See Mot. to Dismiss, ECF No. 5, at 3, 4.  Because the Court cannot determine the assignment(s)' terms and parameters, and Defendants themselves claim that

---

[5] See Sportscare, 2011 WL 223724, at *2 ("In its Complaint, Plaintiff alleges: 'At all times mentioned herein the plaintiff was out-of-network and did not have a contract with any of the defendants therefore **entitling the plaintiff to be paid for services rendered to individual insureds through the use of assignment of benefits documents** or through patient reimbursement.'") (emphasis in original); Premier, 2012 WL 1135608, at *6-7 (quoting the following language of the assignment as set forth in Premier's complaint: "THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THE POLICY") (emphasis in original).

[6] For example, it is unclear whether Plaintiff has been assigned a right to submit medical bills, a right to direct payment, a right to appeal, a right to pursue litigation on behalf of its patients, or any other right.  While an authorization to submit medical bills may be one component of the type of assignment of benefits that would convey standing, some decisions within this District have held that the assignment must be broader.  See Franco v. Conn. Gen. Life Ins. Co., 818 F. Supp. 2d 792, 811 (D.N.J. 2011) (Chesler) (concluding that a patient's assignment, which included both an authorization to submit medical bills to the insurer and the right to be paid directly by the insurer, was insufficient to convey standing).  Here, however, the Court is unable to determine from the present record the scope of Plaintiff's patients' assignments.  See Cmty. Med. Ctr., 143 F. App'x at 435 ("Moreover, even assuming that such assignments do exist, we still have no way of knowing their terms or parameters.").

Plaintiff has failed to establish standing under ERISA, the Court finds that Defendants have failed to satisfy their burden of establishing the Court's jurisdiction in this case.[7]

Because Defendants have not satisfied the first prong of the <u>Pascack Valley</u> test, the Court need not address whether Plaintiff's claims are supported by a separate legal duty.

## IV.   CONCLUSION

For the foregoing reasons, the Undersigned respectfully recommends that the District Court grant Plaintiff's motion and remand this matter to the Superior of New Jersey, Morris County.  Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 72.1(c)(2), the parties have fourteen days to file and serve objections to this Report and Recommendation.

Dated: May 12 2014

<u>s/ Michael A. Hammer</u>
<b>United States Magistrate Judge</b>

---

[7] Defendants, in their motion to dismiss, argue that even the right to be directly reimbursed is insufficient to convey ERISA standing.  <u>See</u> ECF No. 5, at 7.  In effect, Defendants seek to have the Court conclude that the Court may exercise subject matter jurisdiction based upon Plaintiff's status as an assignee, but then find that Plaintiff has failed to allege facts sufficient to demonstrate it is an assignee and therefore has standing.  As Judge Hochberg noted in <u>Medwell</u>, "it would be a waste of judicial resources to litigate the validity of the purported assignment in federal court."  2013 WL 5533311, at *4 n.6; <u>see also</u> <u>North Jersey Ctr. for Surgery</u>, 2008 WL 4371754, at *3 ("Indeed, Defendant's position presents an unusual legal question. Defendant argues that NJCS's claim is inherently a federal claim because, taken at Plaintiff's word, the claim would be within the scope of § 502(a), and removal would be proper under the doctrine of complete preemption.  In other words, Plaintiff has dressed a federal claim in state claim clothes. Yet, at the same time, taking Defendant at its word, Horizon's defense to the claim (no assignment) negates the quintessential element that makes the underlying claim a federal matter: standing to file a claim under 502(a).  In essence, Horizon argues that it would be wrong for the Court to deny jurisdiction solely because of its own defense. Absent any authority directly supporting its objection, the Court is not persuaded.").