<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EMERGENCY PHYSICIANS OF ST. CLARE'S, | : <br> : <br> : |
| Plaintiff, | : <br> : Civil Action No. 14-404 (ES) (MAH) |
| v. | : <br> : |
| UNITED HEALTH CARE, et al., | :     **OPINION & ORDER** |
| Defendants. | : <br> : <br> : |

**SALAS, DISTRICT JUDGE**

**I.     INTRODUCTION**

Before the Court is Plaintiff Emergency Physicians of St. Clare's ("Plaintiff") motion to remand this action to the Superior Court of New Jersey, Morris County for lack of subject matter jurisdiction. (D.E. No. 6-5). On May 12, 2014, Magistrate Judge Michael Hammer issued a Report & Recommendation ("R & R") recommending that the Court grant Plaintiff's motion. (D.E. No. 16). Defendants UnitedHealthcare Insurance Company ("United")[1] and Oxford Health Plans (NJ) ("Oxford") (collectively, "Defendants") filed timely objections on May 28, 2014. (D.E. No. 17). Plaintiff opposed Defendants' objections on June 4, 2014. (D.E. No. 18). For the reasons below, the Court adopts the R & R issued by Judge Hammer, and remands this matter to the Superior Court of New Jersey, Morris County.

---

[1] United is improperly named in the Complaint as "United Health Care" and "United Health Care Group, Inc."

1

## II.     FACTUAL BACKGROUND

Plaintiff is a New Jersey corporation that provides emergency medical services at St. Clare's Hospital. (D.E. No. 1-1, Complaint (Compl.) ¶ 1). Defendants are companies that, among other things, provide health care benefits and administrative services for beneficiaries of employer benefit plans governed by the Employee Retirement Income Security Act of 1974 (ERISA). (D.E. No. 8 at 2). Oxford is a subsidiary of United. (Compl. ¶ 9).

Dr. Kwabena Owusu-Dapaah, M.D. is a physician who is employed by Plaintiff. Dr. Dapaah also maintains a pediatric practice in Somerset, New Jersey that is not affiliated with Plaintiff. (Compl. ¶¶ 2, 3). On or about September 5, 2012, Dr. Dapaah executed a Participation Agreement with Defendants in connection with his pediatric practice. (*Id.* ¶ 5). Plaintiff has never executed a Participation Agreement with Defendants.

Plaintiff alleges that when it submitted claims to Defendants for medical services provided to members of the public, Defendants "surreptitiously" processed Plaintiff's claims using Dr. Dapaah's tax identification number instead of Plaintiff's tax identification number. (*Id.* ¶ 15). As a result, Plaintiff alleges that it was fraudulently and improperly reimbursed at the negotiated (and hence discounted) pediatric rate, rather than the higher emergency medical services rate that should have been applied. (*Id.* ¶ 18; *see also* D.E. No. 6-5 at 21). Plaintiff further asserts that though Dr. Dapaah has cancelled his Participation Agreement with Defendants, Defendants have continued to process Plaintiff's claims using Dr. Dapaah's tax identification number. (*Id.* at 3).

Plaintiff filed its Complaint against United in the Superior Court of New Jersey, Morris County, alleging (1) breach of contract, (2) implied contract, (3) improper

reimbursement, (4) consumer fraud, (5) breach of fair dealing, (6) negligence, (7) unjust enrichment, and (8) violation of the New Jersey Claims Settlement Practices Act. (*See* Compl.). United removed the action to this Court based on diversity and federal question jurisdiction on January 17, 2014. (*See* D.E. No. 1). Plaintiff's March 11, 2014 amendment to the Complaint to add Oxford destroyed complete diversity because both Plaintiff and Oxford are New Jersey entities. Defendants' remaining basis for federal jurisdiction is that this action presents a federal question pursuant to 28 U.S.C. § 1331. (*See* D.E. No. 12).

### III.    STANDARD OF REVIEW

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*

### IV.    DISCUSSION

Defendant asserts that the Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the matter is preempted under ERISA. Accordingly, Defendant asserts that this case was properly removed to federal court. (*See* D.E. No. 8 at 1).

Ordinarily, under the well-pleaded complaint rule, a plaintiff "is entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004). However, an exception to the well-pleaded complaint rule applies when claims arise in an area completely preempted by federal law. *Id.* at 399.

In such instances, the Court must construe plaintiff's claims as stating a federal cause of action regardless of how they are pled. *Id; see also Beneficial Natl'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When a federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

As the party seeking removal, Defendants bear the burden of proving that this action is preempted by ERISA. *Pascack Valley*, 388 F.3d at 401.

### a. ERISA Background

ERISA's civil enforcement provision, § 502(a), "is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." *Pascack*, 388 F.3d at 399-400 (internal citations and quotation marks omitted). As a result, state law causes of action that are within the scope of § 502(a) are removable to federal court. *Id.*

A cause of action is preempted under § 502(a) if (1) the plaintiff could have brought the claim under ERISA's civil enforcement scheme, and (2) "there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *see also see also Pascack Valley*, 388 F.3d at 400; *Neuro-Group, P.A. v. Horizon Blue Cross Blue Shield of N.J., Inc.*, No. 9-5923, 2010 WL 1704034, at *2 (D.N.J. Apr. 26, 2010). Some courts have helpfully divided the first criteria into two inquires, considering separately whether the plaintiff is the *type of party* that has standing to bring a claim under ERISA (*i.e.*, whether it has standing), and whether the plaintiff has asserted the *type of claim* that can be brought under ERISA's civil enforcement scheme.

4

*See, e.g.*, *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328-29 (2d Cir. 2011).

Here, the Court finds that Defendants have not met their burden of proving that this action is preempted by ERISA because they have not shown that Plaintiff could have brought its claims under ERISA's civil enforcement scheme.

### b. Whether Plaintiff Could Have Brought Its Claim Under ERISA

As discussed above, the Court must make two inquiries when considering whether a Plaintiff could have brought its claims under ERISA: whether the Plaintiff has standing and whether the claim is of the type that may be brought under ERISA. *See Aetna*, 542 U.S. at 210. Here, the parties dispute both. Plaintiff argues that it has not received an assignment sufficient to confer standing, and that its claims are not actionable under ERISA because they do not seek to recover benefits under an ERISA-governed plan. (D.E. No. 6-5 at 5-9, 14-27). Defendants respond that Plaintiff adequately alleged an assignment enabling it to bring such claims under § 502(a), and that Plaintiff's claims are actionable under ERISA because they seek to recover benefits pursuant to an ERISA-governed plan. (D.E. No. 8 at 2, 4-6, 8-10).

    *i.    Whether Plaintiff Has Standing*

Section 502(a) of ERISA permits "a participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); *Pascack*, 388 F.3d at 400. Recently, the Third Circuit "adopt[ed] the majority position that health care providers may obtain standing to sue by assignment from a plan participant." *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165

(3d Cir. 2014).  Therefore, the question is whether Plaintiff received a valid assignment from plan participants giving rise to § 502(a) standing.  The Court finds that Defendants have not met their burden of establishing such an assignment.

Defendant's argument that Plaintiff has a valid assignment for the purpose of § 502 standing is premised entirely on Plaintiff's allegation in the Complaint that it was "assigned certain rights, including but not limited to the right to submit medical bills."  (Compl. ¶ 9; *see also* D.E. No. 17 at 6-11).  Defendant relies on cases in our District in which courts have held that Complaint allegations alone may demonstrate an assignment, and therefore a party "need not attach the assignments to their notice of removal or supply them with their briefs" if "Plaintiff has unequivocally alleged that assignments exist and has pleaded that it is relying on them to support its right to recovery."  *Premier Health Center, P.C. v. UnitedHealth Grp.*, No. 11-425, 2012 WL 1135608, at *6 (D.N.J. Apr. 4, 2012); *see also Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *4 (D.N.J. Jan. 24, 2011) (holding that factual allegations of an assignment were sufficient even though provider plaintiff did not attach an actual assignment form).

As an initial matter, the Court notes that there are a number of cases in our district declining to confer standing based on Complaint allegations alone.  *See Medwell, LLC v. Cigna Healthcare of New Jersey, Inc.*, No. 13-3998, 2013 WL 5533311 (D.N.J. Oct. 7, 2013) (holding complaint allegations too vague to confer standing); *N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, 2008 WL 4371754 (D.N.J. Sept. 18, 2008) (same).  Defendant's implication that Complaint allegations alone are uniformly sufficient is incorrect.

6

More importantly, however, even if the Court were to accept Plaintiff's allegation as true, it would still be insufficient to demonstrate a valid assignment because the allegation is vague as to the scope of any benefits that Plaintiff received by assignment. At a minimum, a plaintiff suing under § 502(a) by assignment must be assigned the right to reimbursement, though some courts have held that more is needed. *Compare N. Jersey Brain & Spine Ctr. v. Saint Peter's Univ. Hosp.*, No. 13-74, 2013 WL 5366400, at *3-4 (D.N.J. Sept. 25, 2013) (finding that an assignment of a right to reimbursement was adequate), *with MHA, LLC v. Aetna Health, Inc.*, No. 12-2984, 2013 WL 705612, at *3 (D.N.J. Feb. 25, 2013) (stating that any purported assignment must "encompass the patient's legal claim to benefits under the plan").

In this case, Plaintiff has not even alleged that he was assigned the right to reimbursement; the allegation merely states that he was assigned "certain rights including but not limited to the right to *submit medical bills*." (Compl. ¶ 9) (emphasis added). The Court will not speculate as to the scope of the other "certain rights" that Plaintiff has alleged. Therefore, even if all that is required is an allegation that Plaintiff was assigned the right to receive benefits, Plaintiff has not alleged a valid assignment for § 502(a) purposes. *See Atl. Spinal Care v. Horizon*, No. 13-4800, 2014 WL 3020702, at *3 (D.N.J. June 30, 2014) (finding no need to address whether "the right to recover payment is enough" because there was no assignment of benefits [] under either standard").

It is also worth noting, as Judge Hammer does, that the Complaint allegations in this case are much scarcer than those in cases where courts have found standing. For example, in *Sportscare* and *Premier*, the Complaints specifically alleged the assignment of benefits that would give rise to standing. (D.E. No. 16 at 8-9). In *Sportscare*, the

7

Complaint specifically alleged that: "At all times mentioned herein the plaintiff was out-of-network and did not have a contract with any of the defendants therefore entitling the plaintiff to be paid for services rendered to individual insureds through the use of assignment of benefits documents or through patient reimbursement." *Sportscare,* 2011 WL 223724 at *2. Similarly, in *Premier*, the Complaint quoted language from the assignment stating "THIS IS A DIRECT ASSIGNMENT OF MY RIGHTS AND BENEFITS UNDER THE POLICY." *Premier,* 2012 WL at *6-7 (emphasis in original). Unlike the allegations in this case, the allegations in *Sportscare* and *Premier* represented that there was an assignment of benefits, which included the right to reimbursement. As Judge Hammer pointed out, our case is more similar to *Medwell LLC v. Cigna Healthcare of New Jersey*, where the court found that "vague" statements in a complaint did not give rise to standing. No. 13-3998, 2013 WL at 5533311, at *1.

Finally, the Court finds persuasive the fact that Defendants appear to acknowledge that Plaintiff lacks ERISA standing. In its motion to dismiss, Defendants specifically argued that "Plaintiff has failed to allege facts sufficient to establish standing under ERISA" and "[t]he Complaint is silent, however, as to the specific language of the alleged 'assignment' or whether the assignments convey the authority to pursue the legal claims at issue." (D.E. No. 5 at 3, 4).[2] Plaintiff argues that Defendants cannot contend that an assignment exists for the purposes of removal, but not for the purposes of standing. Though Defendants are correct that it is within the Court's authority to retain jurisdiction and subsequently analyze the scope of the assignment for purposes of standing, *see Premier Health*, 2012 WL at *1, the Court is not forced to ignore Defendants' standing arguments

---

[2] Though the Court acknowledges arguments made in Defendants' motion to dismiss, it does not decide that motion at this time.

at this juncture.  For example, in *Medwell*, the Court concluded that ambiguous complaint allegations, coupled with the fact that CIGNA affirmatively disputed Medwell's standing, did not satisfy the burden of demonstrating that removal was appropriate.  *Medwell*, 2013 WL at *4.  The same is true here.

> ii. *Whether Plaintiff Asserts a Claim for Benefits*

The second inquiry relevant to whether Plaintiff could bring this action under ERISA is whether it is the type of action governed by ERISA.  To constitute a claim that is subject to ERISA preemption, an action must be "a suit complaining of denial of coverage for medical care." *Aetna*, 542 U.S. at 210.  Or, to use the language of the statute, the action must be "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132.  Accordingly, ERISA preempts claims regarding coverage or denials of benefits "even when the claim is couched in terms of common law negligence and breach of contract." *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 177 (3d Cir. 2014) (quoting *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2011)).

ERISA does not, however, preempt claims over the *amount* of coverage provided, which includes disputes over reimbursement.  *Id.*  As the Third Circuit clearly articulated in *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 177-178 (3d Cir. 2014), the "distinction is key" between claims "seeking *coverage* under a benefit plan, and claims seeking *reimbursement* for coverage provided."  *Id.*  "[A] provider may bring a contract action for an insurer's failure to reimburse the provider pursuant to the terms of the agreement, while a claim seeking coverage of a service may only be brought under

9

ERISA." *Id.* (citing *Pascack Valley*, 388 F.3d at 403-04). By Defendants' own admission, Plaintiff "is seeking an increased reimbursement of benefits from United." (D.E. No. 8 at 7). This alone is sufficient to end our inquiry, as the law is clear that claims disputing reimbursement amounts are not preempted by ERISA. *CardioNet*, 651 F.3d at 177-178. *See also Passack Valley*, 388 F.3d at 403-04 (holding ERISA did not preempt action that was not about the "*right* to payment, which might be said to depend on the patients' assignments . . . but the *amount,* or level, of payment."); *Somerset Orthopedics Assoc., P.A. v. Aetna Life Ins. Co.*, 2007 WL 432986, at *1 (D.N.J. Feb. 2, 2007) (plaintiff's claim not preempted by ERISA "because it is merely based on—as stated by the defendant—the defendant's failure to pay correctly for the plaintiff's services, and thus 'the dispute is not over coverage and eligibility, *i.e.,* the right to payment, but rather over the amount of payment to which the [provider] is entitled.'" (quoting *Englewood Hosp. & Med. Ctr. v. AFTRA Health Fund*, No. 6-637, 2006 WL 3675261, at *5 (D.N.J. Dec. 12, 2006)).

Here, Plaintiff contends that Defendant fraudulently used Dr. Dapaah's tax identification number instead of Plaintiff's tax identification number when processing Plaitniff's reimbursements. The parties do not dispute whether the submitted claims are entitled to coverage by Defendant—they merely dispute whether the amount that Defendant paid was correct. Moreover, whether Plaintiff is reimbursed at the lower in-network rate or the higher out-of-network rate does not depend on any assignment by patients to Plaintiff. (*See* Compl. ¶ 14 ("Said submissions were made pursuant to the billing practices of Emergency Physicians of St. Clare's.")). Rather, the reimbursement to Plaintiff for medical services rendered depends on the terms of any agreements between Plaintiff and Defendant. In fact, Plaintiffs may be asserting claims that patients could not even

assert.  *See Pascack Valley*, 388 F.3d at 403 (citing *Blue Cross of California v. Anesthesia Care Assoc. Med. Grp., Inc.*, 187 F.3d 1045 (9th Cir. 1999)).

Defendant attempts to circumvent this fact by arguing that because Plaintiff is not a participating provider with Defendant, it has no contract under which it can bring claims against Defendant.  (D.E. No. 8 at 8).  To be sure, the question of whether a dispute is for coverage or reimbursement is often intertwined with the question of whether an independent legal duty exists, and courts have considered these issues together.  *See, e.g.*, *Pascack Valley*, 388 F.3d at 403 (holding claims not preempted because they disputed "the *amount*, or level, of payment, which depended on the terms of the [subscriber agreement]."); *Englewood Hosp.*, 2006 WL at *5 (same).  Yet the fact that there is no contract between the parties in this case, if true, would not convert Plaintiff's claims for additional reimbursements into claims for coverage or the denial of benefits.  It would simply mean that Plaintiff's contract and breach of contract claims may ultimately lack merit.

Finally, the question of whether a claim seeks coverage for benefits is often informed by whether "interpretations of [the] benefit plans forms an essential part of [the] claim."  *Aetna*, 542 U.S. at 213.  Here, determining whether Defendant used the improper tax identification number to reimburse Plaintiff does not require the court to look at the terms of patients' plans, lending further support to Plaintiff's argument that this action is not preempted by ERISA.

### c. Whether There is an Independent Legal Duty

Because the Court finds that Plaintiff could not have brought its claim under ERISA, it does not need to consider whether there is an independent legal duty that is implicated by Defendant's actions.

### IV. CONCLUSION

For the reasons set forth above,

**IT IS** on this 29th day of December, 2014,

**ORDERED** that this Court adopts Judge Hammer's Report and Recommendation, (D.E. No. 16), as the Opinion of the Court; and it is further

**ORDERED** that Plaintiff's motion to remand, (D.E. No. 6), is GRANTED; and it is further

**ORDERED** that this matter is hereby REMANDED to the Superior Court of New Jersey, Morris County; and it is further

**ORDERED** that the Clerk of the Court shall mark this case CLOSED.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**